IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASPER BELL, | ) | CASE NO. 16-30209-DHW |
| | ) | CHAPTER 13 |
| Debtor. | ) | |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM
### [Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service), and in response to the Debtor's Objection to Claim states as follows:

1. On February 2, 2016, the Service timely filed a Proof of Claim in the total amount of $10,773.42, of which $9,408.46 was classified as unsecured priority and $1,364.96 was classified as unsecured general. [Claim 2-1].

2. On March 17, 2016, Debtor filed an objection to the claim of the Service. [Doc. 22]. Debtor disputed the estimated liabilities for tax years 2014 and 2015 stating the returns had been filed. Debtor disputes the liability listed for tax year 2013 stating Debtor's return reflects a refund for that year. Debtor requested a reduction of the priority claim to consistent with the returns.

3. At the time the Proof of Claim was filed, Debtor had unfiled returns for tax years 2014 and 2015. Debtor has since filed the required returns. The Proof of Claim was amended on April 1, 2016, to reflect the liabilities "per return" for each of these tax periods. [Claim 2-2].

4. The Service does not dispute receiving a tax return from Debtor for tax year 2013. However, Debtor failed to report all income and the return was selected for review.

5. A copy of the exam notice was provided to Debtor on or about May 11, 2015. An additional copy is being provided to Debtor's counsel on this date.

6. No adjustment to the 2013 liability is necessary at this time.

7. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla. 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla. 1997) quoting In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

Respectfully submitted this 13th day of April, 2016.

    GEORGE L. BECK, JR.
    UNITED STATES ATTORNEY

    /s/ DeAnne M. Calhoon
    DeAnne M. Calhoon (CAL065)
    Assistant United States Attorney
    DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101-0197
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2016, I served a copy of the foregoing document, Response to Debtor's Objection to Claim, by the method indicated after each name, upon the following:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
[electronic service]

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
[electronic service]

Joshua C. Milam
Richard D. Shinbaum
Shinbaum & Campbell
566 South. Perry Street
Montgomery, AL 36104
[electronic service]

Jasper Bell
106 Co. Road 2
Hayneville, AL 36040
[United States Postal Service]

    /s/ DeAnne M. Calhoon
    DeAnne M. Calhoon
    Assistant United States Attorney